**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JENNIFER L. GEORGE, an individual, | ) ) ) | 1:09-cv-0189 OWW DLB |
| Plaintiff, | ) ) | FINAL PRETRIAL ORDER |
| v. | ) ) ) | Motion in Limine Date: None |
| TODD WOLFE, an individual d.b.a., THE HAUNTED WOLFE MANOR LIVE, and SCOTT GRUENWALD, an individual d.b.a. THE HAUNTED WOLFE MANOR LIVE, | ) ) ) ) ) ) | Trial Date: 3/30/10 9:00 Ctrm. 3 (JT-4 days) |
| Defendants. | ) ) ) ) | |

## I.   JURISDICTION AND VENUE

1.   Jurisdiction over this action is appropriate under 28 U.S.C. § 1131 and the United States Copyright Act.

2.   Venue in the Eastern District of California is proper based on 28 U.S.C. § 1391(b).

3.   There is no dispute concerning jurisdiction or venue.

## II.   JURY/NON-JURY

1.   Plaintiffs have not demanded a jury.  Defendants, Gruenwald and Wolfe, have demanded a jury trial on all issues. This will be a jury trial.

III.   FACTS

A.   Undisputed Facts

1.   Jennifer L. George is an individual.

2.   Sometime in August, 2008 Plaintiff participated in a tour of a haunted house business operated by Todd Wolfe.

3.   Defendant Todd Wolfe, an individual does business under the fictitious name and style The Haunted Wolfe Manor Live.

4.   Defendant Wolfe conducts tours of the Haunted Wolfe Manor by appointment for compensation.  It is open to the public.

5.   The Plaintiff alleges that she sent photos of what appear to be ghostly human figures ("Photos") to Wolfe.

6.   A dispute has arisen whether Wolfe and/or Gruenwald posted the Photos on websites for commercial advantage or otherwise.

7.   Defendant Cactus Media Group, Inc., dba Fresno Magazine is a corporation doing business in California.

8.   Plaintiff alleges that the photographs were also sent to Fresno Magazine by Wolfe and Gruenwald with the intent that they be published in articles promoting the Fresno Haunted Manor tour business.

9.   Defendant, Fresno Magazine, admits that it published the Photos provided to them by Wolfe and Gruenwald and represented that they had the authority to allow republication.

B.   Disputed Facts

1.   Defendants maintain Scott Gruenwald is not part of the Haunted Wolfe Manor business.

2.   Whether Gruenwald's MySpace page on which the Photos were posted promotes the Haunted Wolfe Manor Business.

3.    Whether Wolfe and/or Gruenwald continued to disseminate the Photos after Plaintiff made a written demand on them to cease using the Photos.

4.    Whether Plaintiff has timely copyrighted the Photos.

5.    Whether and to what extent Gruenwald has any participation in the Wolfe Haunted Manor business.

6.    Whether Plaintiff transmitted Photos to Wolfe and/or Gruenwald with the intent that they be re-published or publicly disseminated.

7.    Whether Defendants Wolfe and/or Gruenwald provided the Photos to Brett Rounsaville with the intent that Mr. Rounsaville publish the Photos on his website to promote the Wolfe Haunted Manor business.

8.    Whether any violation of Plaintiff's intellectual property or other commercially protectable rights in the Photos have been violated.

9.    The nature and extent of any damages.

10.    Whether Plaintiff is entitled to the recovery of attorneys' fees.

11.    Whether, when they disseminated the Photos, Defendants Gruenwald and Wolfe had no knowledge that Plaintiff claimed ownership of the Photos or that she had copyrights in the Photos.

12.    Whether, when they disseminated the Photos to Fresno Magazine, Defendant Fresno Magazine had knowledge that Plaintiff claimed ownership of the Photos or that she had copyrights in the Photos.

13.    Defendants Gruenwald and Wolfe contend the Photos are not copyrightable because Plaintiff altered the Photos and the

Photos do not depict ghosts.

14. Defendants Gruenwald, Wolfe and Fresno Magazine allege that Plaintiff breached the duty to inform Wolfe and/or Gruenwald and/or Fresno Magazine of her intent to register her copyright.

15. Defendants Gruenwald, Wolfe and Fresno Magazine contend Plaintiff failed to timely register her copyright giving rise to a bar to the recovery of damages.

16. Whether Plaintiff has failed to mitigate her damages.

17. Whether any use of the Photos by Fresno Magazine is within the Fair Use Doctrine.

18. Whether any Defendant is entitled to recovery of attorney's fees.

19. Defendant Gruenwald and Wolfe deny they were in business together; deny any agency, co-conspiracy, employment, or other relationship that would give rise to the imposition of vicarious liability.

20. Defendants Gruenwald and Wolfe assert that Wolfe was a part owner of the Photos in dispute; Plaintiff does not have an exclusive claim to the Photos, if any claim at all; and Wolfe had a right to use the Photos without limitation.

21. Gruenwald, Wolfe and Fresno Magazine allege the defense of consent and reasonable expectancy by the Plaintiff that the Photos would be published and used in the manner that they were.

22. Gruenwald admits that the Photos appeared on his MySpace page with the knowledge, consent, assistance, and expectation of Plaintiff.

23. Wolfe admits delivering copies of the Photos to Fresno Famous and Fresno Magazine, but denies giving either their

**4**

permission to publish the Photos.

24.  Gruenwald and Wolfe further assert that all or one of the Photos in dispute may be photos of third persons who did not give Plaintiff permission to make use of their images.

25.  Gruenwald and Wolfe assert that there is no prohibition relating to an unpublished work prior to the effective date of any registration claimed by Plaintiff under the Copyright Act.

## IV.  DISPUTED EVIDENTIARY ISSUES

1.  The parties are unaware of any disputed evidentiary issues.

## V.  SPECIAL FACTUAL INFORMATION

1.  Not applicable.

## VI.  RELIEF SOUGHT

1.  Plaintiff seeks monetary damages and attorney's fees. Plaintiff also seeks enhanced damages for alleged knowing and willful copyright infringement.  Wolfe and Defendants are seeking their attorney's fees.

## VII.  DISPUTED ISSUES OF LAW

1.  Gruenwald, Wolfe and Fresno Magazine assert that any use of the photographs constitute a fair use under 17 U.S.C. § 107.

2.  Gruenwald, Wolfe and Fresno Magazine assert that any use that might be alleged against them began relating to an unpublished work prior to the effective date of registration claimed by Plaintiff and, consequently, pursuant to 17 U.S.C. § 412, statutory damages and attorney fees are not available.

3.  Gruenwald, Wolfe and Fresno Magazine allege that Plaintiff is liable to them for their fees and costs.

4. Plaintiff asserts that pursuant to 17 U.S.C. § 204 all transfers of copyrights are effective only if made in a writing signed by the copyright owner, that there was no such writing made by Plaintiff and as such Wolfe is not co-owner of the copyrights in the photographs as a matter of law.

5. Plaintiff asserts that the photographs are copyrightable whether or not Plaintiff altered them in that they are in any case works of authorship original to Plaintiff. 17 U.S.C.A. § 102.

### VIII. ABANDONED ISSUES

1. The parties are unaware of any other abandoned issues.

### IX. WITNESSES

1. Scott Gruenwald
   3874 E. Acacia
   Fresno, CA 93762

2. Todd Wolfe
   767 W. Polson
   Clovis, CA 93612

3. Don Staggs
   20961 Calle Cleste
   Lake Forest, CA

4. Marsha Miller

5. Jennifer George
   91 North Ashwood Ave., #306
   Ventura, CA 93003

6. Brett Rounsaville

7. Melanie Warner-Kennedy
   Editor, Fresno Magazine
   Clovis, CA 93612

Counsel are each ordered to submit a list of witnesses to the court along with a copy for use by the Courtroom Deputy Clerk, on the same date and at the same time as the list of exhibits are to be submitted as ordered below.

CAUTION

Counsel are cautioned that expert witnesses, including percipient experts, must be designated as such. No witness, not identified as a witness in this order, including "rebuttal" witnesses, will be sworn or permitted to testify at trial.

## X. EXHIBITS, SCHEDULES AND SUMMARIES

The following is a list of documents or other exhibits that the parties expect to offer at trial.

CAUTION

Only exhibits so listed will be permitted to be offered into evidence at trial, except as may be otherwise provided in this order. No exhibit not designated in this pretrial order shall be marked for identification or admitted into evidence at trial.

A. **Defendants**

1. Notification posed at various locations on the subject property by Defendant Wolfe stating "all evidence gathered at this location are the property of Todd Wolfe and yourself to do with what you wish."

2. E-Mails dated July 29, 2008 through October 22, 2008 from Plaintiff to Defendant Gruenwald.

3. Photographs received from Plaintiff.

B. **Plaintiffs**

1. Four copyright registration certificates.

2. Printout of pages from Fresno Famous website.

3. Printout of pages of MySpace page maintained by Gruenwald for Haunted Wolfe Manor live.

4. Printout of e-mail communication between Plaintiff and Brent Rounsaville in November, 2008.

7

1          5.     Printout of pages from website amtrekker.com.

2          6.     E-mail correspondence between Wolfe and Plaintiff

3   between August 19, 2008, and October 24, 2008.

4          7.     E-mail correspondence between Gruenwald and Marianne

5   Inman.

6          8.     Voicemail messages from Gruenwald on October 22, 2008

7   and November 15, 2008.

8          9.     October, 2008 issue of Fresno Magazine.

9          10.    147 Photographs taken of Wolfe Manor on August 15,

10  2008.

11         11.    Certified copies of Photos submitted to U.S. Copyright

12  Office.

13         12.    Correspondence between Plaintiff and U.S. Copyright

14  Office.

15         13.    Correspondence between Plaintiff and Staff of Fresno

16  Magazine.

17                      XI.   DISCOVERY DOCUMENTS

18       Only specifically designated discovery requests and

19  responses will be admitted into evidence.  Any deposition

20  testimony shall be designated by page and line and such

21  designations filed with the Court on or before March 19, 2010.

22  The opposing party shall counter-designate by line and page from

23  the same deposition and shall file written objections to any

24  question and answer designated by the opposing party and filed

25  with the court on or before March 26, 2010.

26       Written discovery shall be identified by number of the

27  request.  The proponent shall lodge the original discovery

28  request and verified response with the courtroom deputy one day

prior to trial.  The discovery request and response may either be read into evidence, or typed separately, marked as an exhibit, as part of the exhibit marking process, and offered into evidence.

1.    Defendants do not intend to use any discovery responses by Plaintiff.  Other than the evidence provided in the initial disclosure of Wolfe and Gruenwald, Plaintiff does not intend to use any discovery responses of Wolfe and Gruenwald.

## XII.    STIPULATIONS

1.    Defendants have no stipulations to propose at this time.

## XIII.    AMENDMENTS - DISMISSALS

1.    The Plaintiff agrees to dismiss Fresno Magazine, a business entity, form unknown; and Fresno Famous, a business entity, form unknown; and Does 1-10, inclusive.

## XIV.    FURTHER TRIAL PREPARATION

A.    Trial Briefs.

Counsel are directed to file a trial brief in this matter on or before March 19, 2010.  No extended preliminary statement of facts is required.  The brief should address disputed issues of substantive law, disputed evidentiary issues of law that will not be resolved in limine, and any other areas of dispute that will require resolution by reference to legal authority.

B.    Duty of Counsel To Pre-Mark Exhibits.

1.    Counsel for the parties are ordered to meet and conduct a joint exhibit-marking conference on March 9, 2010, via telephone conference, at 10:00 a.m. for purposes of pre-marking and examining each other's exhibits and preparing an exhibit list.  All joint exhibits will be pre-marked JX1-JX50; all of the

plaintiff's exhibits will be pre-marked with numbers 51-100; all of defendant's exhibits will be pre-marked with numbers 101-151.

2.   Each and every page of each and every exhibit shall be individually Bates-stamped for identification purposes, and paginated with decimals and arabic numerals in seriatim; i.e., 1.1, 1.2, 1.3 . . ..

3.   Following such conference, each counsel shall have possession of four (4) complete, legible sets of exhibits, for use as follows:

a.   Two (2) sets to be delivered to the Courtroom Deputy Clerk, Renee Gaumnitz, no later than 4:00 p.m. on March 24, 2010, an original for the court and one for the witness.

b.   One (1) set to be delivered to counsel for the opposing party and one (1) set to be available for counsel's own use.

4.   Counsel are to confer to make the following determination as to each of the exhibits proposed to be introduced into evidence and prepare separate indexes, one listing joint exhibits, one listing each party's exhibits:

a.   Joint exhibits, i.e., any document which both sides desire to introduce into evidence, will be marked as a joint exhibit (JX), and numbered JX1-___.   Joint exhibits shall be listed as such in the exhibit list in a column that notes they are admitted into evidence without further foundation;

b.   As to any exhibit, not a joint exhibit, to which there is no objection to its introduction into evidence, the exhibit will be marked as Plaintiff's Exhibit ___, or Defendant's Exhibit ___ in evidence, and will be listed in the exhibit list

as the exhibit of the offering party;

    c.   The exhibit list shall include columns for noting objections to exhibits.  The first column will list any objections as to foundation; i.e., Plaintiff's Foundation 2 - "not authenticated."

    d.   The exhibit list shall include a second column for noting substantive objections to exhibits based on any other grounds; i.e., "hearsay, improper opinion, irrelevant."

    e.   The exhibit list shall include a description of each exhibit on the left-hand side of the page, and the three columns outlined above (as shown in the example below).

List of Exhibits

| Exhibit # | Description | Admitted In Evidence | Objection To Foundation | Other Objection |
|-----------|-------------|----------------------|-------------------------|-----------------|

    f.   The completed exhibit list shall be delivered to Renee Gaumnitz CRD on or before March 24, 2010, at 4:00 p.m.

    g.   If originals of exhibits cannot be located, copies may be used, however, the copies must be legible and accurate. If any document is offered into evidence that is partially not legible, the Court sua sponte will exclude it from evidence.

C.   Discovery Documents.

    1.   Counsel shall file a list of discovery documents with Renee Gaumnitz CRD at the same time and date as the witness and exhibit lists are lodged with her, unless the discovery documents are marked as exhibits, which counsel intend to use at trial by designating by number, the specific interrogatory, request for admission, or other discovery document.  Counsel shall comply with the directions of subsection XII (above) for introduction of

1  the discovery document into evidence.

2  D.   <u>Motions In Limine</u>.

3       1.   There will be no hearing on motions in limine in this
4  case.

5  E.   <u>Trial Documents</u>.

6       1.   <u>Exhibits To Be Used With Witness</u>.  During the trial of
7  the case, it will be the obligation of counsel to provide
8  opposing counsel not less than forty-eight hours before the
9  witness is called to the witness stand, the name of the witness
10 who will be called to testify and to identify to the Court and
11 opposing counsel any exhibit which is to be introduced into
12 evidence through such witness that has not previously been
13 admitted by stipulation or court order or otherwise ruled upon,
14 and to identify all exhibits and other material that will be
15 referred to in questioning of each witness.  If evidentiary
16 problems are anticipated, the parties must notify the court at
17 least twenty-four hours before the evidence will be presented.

18 F.   <u>Counsel's Duty To Aid Court In Jury Voir Dire</u>.

19      1.   Counsel shall submit proposed voir dire questions, if
20 any, to Renee Gaumnitz CRD at <u>rgaumnitz@caed.uscourts.gov</u> on or
21 before March 24, 2010, at 4:00 p.m.  Counsel shall also prepare a
22 joint "statement of the case" which shall be a neutral statement,
23 describing the claims and defenses for prospective jurors, to be
24 used in voir dire.

25      2.   In order to aid the court in the proper voir dire
26 examination of the prospective jurors, counsel are directed to
27 lodge with the Court the day before trial a list of the
28 prospective witnesses they expect to call if different from the

12

list of witnesses contained in the Pre-Trial Order of the Court. Such list shall not only contain the names of the witnesses, but their business or home address to the extent known.  This does not excuse any failure to list all witnesses in the Pre-Trial Order.

3.   Counsel shall jointly submit, to Renee Gaumnitz CRD the Friday before trial, a neutral statement of the claims and defenses of the parties for use by the court in voir dire.

G.   <u>Counsel's Duty To Prepare And Submit Jury Instructions</u>.

1.   All proposed jury instructions shall be filed and served on or before March 26, 2010, by 4:00 p.m.  Jury instructions shall be submitted in the following format.

2.   Proposed jury instructions, including verdict forms, shall be submitted via e-mail to <u>dpell@caed.uscourts.gov</u> formatted in WordPerfect for Windows X3.  Counsel shall be informed on all legal issues involved in the case.

3.   The parties are required to jointly submit one set of agreed upon jury instructions.  To accomplish this, the parties shall serve their proposed instructions upon the other fourteen days prior to trial.  The parties shall then meet, confer, and submit to the Court the Friday before the trial is to commence, one complete set of agreed-upon jury instructions.

4.   If the parties cannot agree upon any instruction, they shall submit a supplemental set of instructions designated as not agreed upon by March 26, 2010, at 4:00 p.m.

5.   Each party shall file with the jury instructions any objection to non-agreed upon instructions proposed by any other party.  All objections shall be in writing and shall set forth

13

the proposed instruction objected to in its entirety.  The objection should specifically set forth the objectionable matter in the proposed instruction and shall include a citation to legal authority explaining the grounds for the objection and why the instruction is improper.  A concise statement of argument concerning the instruction may be included.  Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

6.    <u>Format</u>.  The parties shall submit one copy of each instruction.  The copy shall indicate the party submitting the instruction, the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the test of the instruction, the legal authority supporting the instruction, and a legend in the lower lefthand corner of the instruction: "Given," "Given As Modified," "Withdrawn" and "Refused" showing the Court's action with regard to each instruction and an initial line for the judge's initial in the lower right-hand corner of the instruction.  Ninth Circuit Model Jury Instructions should be used where the subject of the instruction is covered by a model instruction.

7.    All instruction should be short, concise, understandable, and neutral statements of the law.  Argumentative or formula instructions will not be given, and should not be submitted.

8.    Parties shall, by italics or underlining, designate any modifications of instructions from statutory authority, or any pattern instruction such as the Model Circuit Jury Instructions or any other source of pattern instructions, and must

specifically state the modification made to the original form instruction and the legal authority supporting the modification.

9. Proposed verdict forms shall be jointly submitted or if the verdict forms are unagreed upon, each party shall submit a proposed verdict form. Verdict forms shall be submitted to the Courtroom Deputy Clerk on the first day of the trial.

10. Failure to comply with these rules concerning the preparation and submission of instructions and verdict forms may subject the non-complying party and/or its attorneys to sanctions.

## XV. USE OF LAPTOP COMPUTERS/POWERPOINT FOR PRESENTATION OF EVIDENCE

1. If counsel intends to use a laptop computer for presentation of evidence, they shall <u>contact Renee Gaumnitz CRD at least one week prior to trial</u>. The Courtroom Deputy Clerk will arrange a time for any attorney to bring any laptop to be presented to someone from the Court's Information Technology Department, who will provide brief training on how the parties' electronic equipment interacts with the court's audio/visual equipment. If counsel intend to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

2. ALL ISSUES CONCERNING AUDIO-VISUAL MATERIALS AND COMPUTER INTERFACE WITH THE COURT'S INFORMATION TECHNOLOGY SHALL BE REFERRED TO THE COURTROOM DEPUTY CLERK.

## XVI. FURTHER DISCOVERY OR MOTIONS

1. The parties have no such motions to make.

///

XVII.   SETTLEMENT

1.    Settlement efforts have been exhausted.

XVIII.   SEPARATE TRIAL OF ISSUES

1.    Not applicable.

XIX.   IMPARTIAL EXPERTS, LIMITATIONS OF EXPERTS

1.    There is no reason to limit the number of expert

witnesses or for the court to appoint an impartial expert.

XX.   ATTORNEYS' FEES

1.    Both Plaintiff and Defendants Gruenwald, Wolfe and

Defendant Fresno Magazine are seeking their attorney's fees.  The

parties maintain that their request for attorney's fees should be

determined post-verdict.

XXI.   ESTIMATE OF TRIAL TIME

1.    Four days.

XXII.   TRIAL DATE

1.    March 30, 2010, at 9:00 a.m., in Courtroom 3, on the

Seventh Floor.

XXIII.   NUMBER OF JURORS AND PEREMPTORY CHALLENGES

1.    There will be an eight person jury, each side shall

have four peremptory challenges.

XXIV.   AMENDMENT OF FINAL PRETRIAL ORDER

1.    The Final Pretrial Order shall be reviewed by the

parties and any corrections, additions, and deletions shall be

drawn to the attention of the Court immediately.  Otherwise, the

Final Pretrial Order may only be amended or modified to prevent

manifest injustice pursuant to the provisions of Fed. R. Civ. P.

16(e).

///

## XXV.   MISCELLANEOUS

1.     The audio recording of Gruenwald's voicemail messages left for Plaintiff will be offered on a CD format.   Other than that CD, there are no other issues regarding special handling of trial exhibits.


IT IS SO ORDERED.

Dated:    **February 17, 2010**                          _____**/s/ Oliver W. Wanger**_____
                                                    UNITED STATES DISTRICT JUDGE